[Docket No. 1, 5]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHAWNIQUE HUDSON and LEONARD OGELSBY,<br><br>   Plaintiffs,<br><br>v.<br><br>ANN MCGLYNN, *Detective, Atlantic City Police Department*, and ATLANTIC CITY POLICE DEPARTMENT,<br><br>   Defendants. | Civil No. 24-6729 (RMB-EAP)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Shawnique Hudson. [Docket Nos. 1 ("Compl.") & 5.] Also named as a Plaintiff is Leonard Ogelsby who has not submitted an application to proceed IFP or paid the filing fee. Ms. Hudson's IFP application establishes her financial eligibility to proceed without prepayment of the filing fee and will be granted. Because Mr. Ogelsby must submit his own IFP application if he desires the complaint to be filed on his behalf, the Court will direct the Court to administratively terminate him from this case pending receipt of his own

IFP application. *See Waiters v. Republic Bank*, 2024 WL 1928331, at *1 (D.N.J. May 2, 2024) (citation omitted).[1]

### I. SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

---

[1] Having screened the Complaint with respect to Ms. Hudson, however, the Court notes that there are no allegations regarding Mr. Ogelsby. So, if Mr. Ogelsby submits an application to proceed IFP to have the complaint filed on his behalf, the Court cautions that it will likely dismiss the allegations in the Complaint for failure to state a claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Hudson brings this case against the Atlantic City Police Department ("ACPD") and one of its detectives, Ann McGlynn, in their official capacities pursuant to 42 U.S.C. § 1983. She alleges that she was arrested without probable cause and "incarcerated unlawfully at gunpoint." [Compl. at 4.] She seeks damages for each day she was "illegally incarcerated" as well as damages for pain and suffering. [*Id*. at 5.]

Ms. Hudson filed her Complaint on June 4, 2024 without paying the filing fee or submitting an IFP application. Two days later, the Clerk of Court directed her to pay the filing fee or submit a completed and signed IFP application within 21 days. [Docket No. 3.] She did not. Accordingly, the Court deemed her Complaint withdrawn and directed the Clerk of Court to close the case. [Docket No. 4.] It informed Plaintiff that she could move to reopen the case upon payment of the filing fee or submission of a completed IFP application. [*Id*.] On January 13, 2025, Ms. Hudson submitted her IFP application. [Docket No. 5.]

## III. ANALYSIS

To plead a claim for relief under Section 1983 against a municipal office, such as a police department, a plaintiff must show that the municipality implemented a policy, ordinance, regulation, or custom which caused the deprivation of that plaintiff's rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A suit for damages against an individual municipal employee in her "official capacity" is not

3

cognizable unless the requirements of *Monell* are met. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Plaintiff has failed to plead the requirements of *Monell* against Detective McGlynn or ACPD. That is, she has failed to allege any facts that there was an ACPD custom, policy, or ordinance that unlawfully caused the actions of Detective McGlynn. Her claims will accordingly be dismissed without prejudice. *See Williams v. Reinhardt*, 2015 WL 2414889, at *3 (D.N.J. May 19, 2015) (dismissing *pro se* plaintiff's official capacities claims against municipality and individual officer without prejudice where plaintiff failed to plead any facts alleging *Monell* liability).

### IV.   CONCLUSION

For the reasons stated above, the Court will **GRANT** Ms. Hudson's IFP application and **DISMISS** her Complaint **WITHOUT PREJUDICE**. An appropriate Order follows.

**January 22, 2025**  
Date

**s/Renée Marie Bumb**  
RENÉE MARIE BUMB  
Chief United States District Judge